# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DANIEL BONNETTE AND MARY
BONNETTE

VERSUS

OUR LADY OF THE LAKE
HOSPITAL, INC., ET AL

NO. 2022 CW 0633

**AUGUST 9, 2022**

---

In Re:    Our Lady of the Lake Hospital, Inc., applying for
          supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, No. 713905.

---

**BEFORE: WHIPPLE, C.J., McDONALD, THERIOT, CHUTZ AND PENZATO, JJ.**

**WRIT GRANTED.** The trial court's June 6, 2022 judgment which denied the exception of prescription filed by Our Lady of the Lake Hospital, Inc. is reversed. Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start the running of prescription. When a plaintiff has knowledge of facts strongly suggestive that the untoward condition or result may be the result of improper treatment, and there is no effort by the healthcare provider to mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the cause of action is reasonably knowable to plaintiff. Failure to act by a plaintiff for more than one year under these circumstances is not reasonable. **Request for Medical Review Panel by Wilson v. Whitfield**, 2017-1723 (La. App. 1st Cir. 5/23/19), 277 So.3d 370, 375-76, writ denied, 2019-00983 (La. 10/1/19), 280 So.3d 157, writ denied sub nom., **Andrews v. Berkshire Hathaway Insurance Company**, 2019-01114 (La. 10/8/19), 280 So.3d 591, citing **Campo v. Correa**, 2001-2707 (La. 6/21/02), 828 So.2d 502. In this case, Mr. Bonnette was hospitalized at Our Lady of the Lake Hospital on several occasions and treated for infection. Mr. Bonnette was aware he had a "really bad infection," no later than his date of discharge on May 15, 2017. Our review of the evidence and testimony leads us to the conclusion that the plaintiffs had sufficient information to excite attention and call for inquiry at least by May 15, 2017, and the failure to do so was not reasonable. The exception of prescription filed by Our Lady of the Lake Hospital, Inc. is granted, and plaintiffs' claims against Our Lady of the Lake Hospital, Inc. are dismissed.

                          JMM
                          WRC
                          AHP

**Whipple, C.J. and Theriot, J.** dissent. A plaintiff's mere apprehension that something may be wrong is insufficient to commence the running or prescription unless the plaintiff knew

or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. **Campo v. Correa**, 2001-2707, p. 12, (La. 6/21/02), 828 So.2d 502, 511. Even if a malpractice victim is aware that an undesirable condition has developed after medical treatment, such knowledge does not equate to knowledge of everything to which inquiry might lead. **Campo**, 2001-2707 at p. 15, 828 So.2d at 512-13. Prescription will not run as long as it was reasonable for the plaintiff not to recognize that the condition might be treatment related. **Campo**, 2001-2707 at p. 12, 828 So.2d at 511. The ultimate issue is the reasonableness of the patient's action or inaction, in light of his education, intelligence, the severity of symptoms, and the nature of the defendant's conduct. **Campo**, 2001-2707 at p. 12, 828 So.2d at 511.

When evidence is considered on the merits of an exception of prescription and factual determinations are made, a manifest error standard of review is applied. **Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.**, 2021-00061 (La. 10/10/21), 333 So.3d 368, 373-74. In this matter, plaintiff and his wife were both called to testify at the hearing. Based on our reading of their testimony and other evidence admitted, we do not find that the trial court was manifestly erroneous in crediting plaintiffs' testimony that they were being told that infections were common following an open fracture and that they only became aware that Mr. Bonnette may have been the victim of medical malpractice after his surgery in Houston. Finding that plaintiffs delay in filing suit was not negligent or unreasonable, we dissent and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_a. Sm O_
DEPUTY CLERK OF COURT
FOR THE COURT